# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**KRIS JARRELL, ROBERT BOMER, KATHLEEN FALVO, ANTHONY JOSEPH, and NATHANIEL SEGURA,**

      **Plaintiffs,**

v.                                                Case No: 6:22-cv-990-CEM-EJK

**HYUNDAI MOTOR COMPANY, HYUNDAI MOTOR MANUFACTURING ALABAMA LLC, and HYUNDAI MOTOR AMERICA,**

      **Defendants.**

## ORDER

This cause comes before the Court on Plaintiffs' Unopposed Motion for Leave to Amend the Complaint (the "Motion"), filed November 21, 2022. (Doc. 43.) The deadline for filing amended pleadings was November 14, 2022. (Doc. 28.)

This is a class action where Plaintiffs seek relief from Defendants for their use of allegedly defective seat belts in their vehicles. (Doc. 22.) In the First Amended Complaint (*id.*), Plaintiffs are owners of various Hyundai vehicles and are residents of Florida, California, New York, and Illinois. (*Id*. at 4–6.) In turn, Defendants filed a Motion to Compel Arbitration based on a binding arbitration agreement as it relates to the claims of the California Plaintiff. (Doc. 34.) Thus, on November 11, 2022, Plaintiffs filed the instant Motion to request leave to file an amended complaint to

"significantly narrow the claims and issues in this case" (*id.* at 2) and removing the California Plaintiff as a named Plaintiff.

Federal Rule of Civil Procedure 15 provides that leave to amend a pleading prior to trial should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). "A district court may deny a motion to amend on 'numerous grounds, such as undue delay, undue prejudice to the [opposing party], and futility of the amendment.'" *Kendall v. Thaxton Road LLC*, 443 F. App'x 388, 393 (11th Cir. 2011) (unpublished) (quoting *Maynard v. Bd. of Regents of the Div. of Univs. of the Fla. Dep't of Educ.*, 342 F.3d 1281, 1287 (11th Cir. 2003)).

However, if the motion to amend is filed after the amended pleadings deadline set forth in the case's scheduling order, the movant must demonstrate that amendment is appropriate under Rule 16. *Gatti as Tr. President of Twin Palms Inc. v. Goodman*, No. 2:16-cv-728-FtM-29CM, 2017 WL 11527980, at *2 (M.D. Fla. Dec. 14, 2017) ("A party's motion to amend pleadings filed after the court's deadline may be granted only upon a showing of good cause. . . ."). Rule 16(b) establishes that a party must provide "good cause" to modify a scheduling order. Fed. R. Civ. P. 16(b)(4); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). "The primary measure of good cause is the movant's diligence in attempting to meet the [Scheduling] Order's requirements." *Strubel v. Hartford Ins. Co. of the Midwest*, No. 8:09-cv-1858-T-17TBM, 2010 WL 11507711, at *1 (M.D. Fla. June 18, 2010). "Once good cause is shown, the court may then consider whether leave should be granted under Rule 15." *Bingham v.*

*Sharpe Contracting Servs. Inc.*, No. 8:14-cv-1215-T-35AEP, 2015 WL 12938953, at *1 (M.D. Fla. June 9, 2015).

Here, the deadline for filing amended pleadings was November 14, 2022. (Doc. 28.) However, Plaintiffs have shown good cause to amend their pleading. Specifically, they seek to amend their complaint to narrow the claims asserted. (*Id.*) The undersigned recognizes that the amended complaint necessarily impacts the adjudication of this action, as the proposed amendment drops claims that may be subject to arbitration. (Docs. 43-2; 34). Thus, the undersigned finds that Plaintiffs have demonstrated good cause for the amendment.

Additionally, Plaintiffs assert there was no undue delay, bad faith, or dilatory motive in moving for leave to amend. (Doc. 43 at 3.) Furthermore, the undersigned finds that there are no additional reasons to deny the amendment—no prejudice to the parties or any adverse impact on the Court's administration of the case would result if the amendment were granted.

Accordingly, it is hereby **ORDERED** as follows:

1. Plaintiffs' Unopposed Motion for Leave to Amend the Complaint (Doc. 43) is **GRANTED**.

2. The Clerk is **DIRECTED** to docket Plaintiffs' proposed Second Amended Class Action Complaint. (Doc. 43-1.)

3. Defendants' Motion to Compel Arbitration of Claims of California Plaintiff Timothy Cordial (Doc. 34) is **DENIED AS MOOT**.

**DONE** and **ORDERED** in Orlando, Florida on November 28, 2022.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE